OPINION
Defendant-appellant David Lee Perry appeals the December 29, 2000 Judgment Entry of the Morrow County Court of Common Pleas, adjudicating him a sexual predator as defined in R.C. 2950.01(E). Plaintiff-appellee is the State of Ohio.
STATEMENT OF THE FACTS AND CASE
During the January, 1988 term, the Morrow County Grand Jury indicted appellant on thirteen counts of rape, in violation of R.C.2907.02(A)(1)(b) and (B); and three counts of gross sexual imposition, in violation of R.C. 2907.05(A)(3) and (B). The charges arose out of appellant's engaging in sexual conduct with his adopted daughter for a period of over three years. On April 12, 1988, as part of a plea agreement, appellant pled guilty to one count of rape, in violation of R.C. 2907.02(A)(1)(b) and (B). The trial court sentenced appellant to an indefinite term of imprisonment of five to twenty-five years.
On December 29, 1999, the State filed a motion requesting the trial court conduct a hearing pursuant to R.C. 2950.09(C) to determine whether appellant was a sexual predator. The trial court appointed counsel for appellant, and scheduled a hearing for December 12, 2000. Following the hearing, the trial court found appellant to be a sexual predator. The trial court memorialized its ruling via Judgment Entry filed December 29, 2000.
It is from this judgment entry appellant appeals, raising as his sole assignment of error:
 THE DETERMINATION BY THE TRIAL COURT THAT THE APPELLANT IS A SEXUAL PREDATOR IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
Herein, appellant contends the trial court's classification of him as a "sexual predator" is against the manifest weight of the evidence. Specifically, appellant asserts the State only proved he was a sexual offender, but did not present any evidence to support a finding of a likelihood to re-offend.
We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment.[1] Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.[2]
R.C. 2950.01(E) defines a "sexual predator" as "* * * a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2), which sets forth the relevant factors a trial court is to consider in determining whether a person should be classified as a "sexual predator", provides:
 In making a determination under division (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
At the hearing, the trial court took judicial notice, without objection, of the record of the original proceedings, including a pre-sentence investigation which detailed the offenses. Appellant presented evidence of his successful completion of a Magellan Sex Offender Treatment Program. In the report, the examiner stated, "it is likely that this man is not sexually dangerous to children outside his home". The examiner also noted appellant, after his release from prison, would benefit from counseling if and when he becomes involved with a partner.
The undisputed facts establish appellant, who was twenty-seven at the time of the conviction, engaged in a continuous course of sexual conduct with his adopted daughter. The abuse of the child began when she was six years old and continued until she was nine years old. Appellant had no previous criminal record. The offense did not involve the use of drugs or alcohol to impair the victim. Appellant's daughter was his only victim.
Based upon these factors, the trial court concluded that appellant should be classified a "sexual predator" as defined in R.C. 2950.01(E). Appellant challenges the trial court's alleged lack of finding that he was likely to reoffend.
In State v. Daniels[3], the Franklin County Court of Appeals found a single conviction was sufficient to conclude an offender was likely to reoffend. The Daniels court specifically noted:
 [T]he overwhelming statistical evidence support[s] the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. The age of the victim is probative because it serves as a telling indicator of the depths of [the] offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable. (Citations omitted.).
Based upon our review of the evidence contained in the record, we cannot find the trial court clearly lost its way in determining appellant should be classified as a sexual predator. The trial court's conclusion is supported by clear and convincing evidence; therefore, is not against the manifest weight of the evidence.
Appellant's sole assignment of error is overruled.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Morrow County Court of Common Pleas is affirmed. Costs to appellant.
Hon. Julie A. Edwards, P.J., Hon. William B. Hoffman, J. and Hon. John W. Wise, J. concur.
[1] Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported.
[2] C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279.
[3] State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported.